## KOONS v. GROOVES.

1. **Recording act: DEFEASANCE.** The *bona fide* purchaser of real estate of a vendor who holds title under a recorded deed, absolute upon its face, is not charged with notice of a trust set out in a separate instrument not recorded.

Koons v. Grooves.

2. —— LATENT EQUITIES. Actual or constructive notice to a purchaser of one lien does not charge him with constructive notice of equities of which he has no other notice.

*Appeal from Polk District Court.*

SATURDAY, JUNE 9.

REGISTRY LAW: NOTICE: BONA FIDE PURCHASER. —— Plaintiff conveyed the land in question to one Bell by deed of warranty, ABSOLUTE ON ITS FACE. This conveyance is claimed to have been, and for the purposes of this appeal may be conceded to have been, in fact upon certain trusts in plaintiff's favor, but the instrument declaring or evidencing these trusts *was never recorded*, nor did the present defendant (a subsequent purchaser of the land from Bell), have any actual notice of such instrument, or of the plaintiff's equities. At the time of this conveyance by plaintiff to Bell, there was a mortgage lien upon the land in favor of one Ballard, and a judgment lien for a small amount in favor of one Miller.

Of these liens in favor of Ballard and Miller defendant had both actual and constructive notice at the time of his purchase from Bell.

The question arises as to these liens, and they are only claimed by the plaintiff to be material as showing that defendant was not a *bona fide* purchaser.

The object of this action was to establish plaintiff's rights and equities in the land. Upon the hearing the above facts appeared, and the petition was dismissed. Plaintiff appeals.

*B. N. Kinyon* for the plaintiff.

*S. Sibley* for the defendant.

Koons v. Grooves.

DILLON, J. — Plaintiff maintains that because defendant purchased the land, knowing, or being bound to know of the Ballard and Miller liens, therefore he is not a *bona fide* purchaser, that not being a *bona fide* purchaser he has no better title or higher rights than Bell his vendor, and that he is subject to the same equities as Bell, even though he paid Bell value, and had no knowledge in fact or by record of plaintiff's equities as against Bell.

1. RECORD-
ING ACT:
defeas-
ance.

Under our recording acts there is no ground for the plaintiff's position. The declaration of trust in his favor, should have been executed and recorded like deeds of conveyance. Rev., §§ 2213, 2220.

By the last cited section it is provided that "no instrument effecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded."

The Ballard and Miller liens were duly entered of record, and defendant would be affected by *them*. This he does not deny. But it does not result therefrom (as claimed by plaintiff's counsel) that as respects the *latent* and *unknown* equities of the plaintiff, the defendant would not be a *bona fide* purchaser, or would be affected thereby. The effect of the doctrine contended for would be, that if a purchaser bought land, knowing of one incumbrance, he would be affected by a dozen if so many in fact existed, even though not recorded, and even though he had no notice of them. This is in the teeth of our registry law, its policy, *rationale* and language, and against the understanding of the profession and the implication of many of our decisions.

2. —— latent
equities.

If there be anything different from this in the authorities cited by the appellant, the statute must govern. The decree of the learned judge below is

Affirmed.